IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BYRON CHAPMAN, | ) | |
| | ) | 2:09-cv-2526-GEB-EFB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR RECONSIDERATION[*] |
| STARBUCKS CORPORATION, dba | ) | |
| STARBUCKS COFFEE # 5740, and | ) | |
| SYCAMORE PARTNERS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Byron Chapman ("Chapman") moves under Federal Rule of Civil Procedure ("Rule") 59(e) for reconsideration of the Court's January 7, 2011 Order ("January 7 Order"), which granted each Defendant's summary judgment motion on Chapman's pled federal claims and dismissed Chapman's state claims under 28 U.S.C. § 1367(c)(3).

Defendants Starbucks Corporation, dba Starbucks Coffee #574 ("Starbucks") and Sycamore Partners, LLC ("Sycamore") oppose the motion. Sycamore also includes in its opposition a request that Chapman be sanctioned under Rule 11 for filing his reconsideration motion if the Court determines sanctions are warranted. (Sycamore's Opp'n 4:3-5:24.)

---

[*]   This matter is deemed suitable for decision without oral argument.  E.D. Cal. R. 230(g).

1

However, Sycamore is not entitled to have its Rule 11 sanction request considered since it failed to follow the procedures applicable to seeking sanctions under the rule. Specifically, Sycamore's sanctions request does not comply with Rule 11(c)(2) which prescribes: "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b))." Therefore, Sycamore's sanctions request is denied.

## I. DISCUSSION

Chapman argues his reconsideration motion should be granted because "[t]his Court committed clear error in declining to consider those [architectural] barriers Chapman identified in his motion for summary judgment, which were not plead in his original Complaint;" by relying "on defendant's expert report from Kim Blackseth;" and, by "completely ignor[ing] portions of plaintiff's legal argument and factual support regarding numerous barriers identified in its order." (Pl.'s Mot. for Reconsideration ("Mot.") 3:5-25.) "Under Rule 59(e), it is appropriate to alter or amend a judgment if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." United Nat'l Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009) (internal quotation marks omitted).

### A. UN-PLEAD ARCHITECTURAL BARRIERS

Chapman argues since "sufficient notice of the subsequently discovered barriers was given . . . to defendants, it would be proper for the Court to consider all barriers . . . listed in the original complaint and those subsequently discovered barriers identified in plaintiff's expert witness report." (Mot. 5:3-8.) However, as stated in

the January 7 Order, Sycamore challenged Chapman's un-plead architectural barriers arguing: "It is elementary that a plaintiff cannot proceed on claims not included in his complaint." (Sycamore's Opp'n to Pl.'s Mot. for Summ. J. 1:28.) Sycamore also argued since it remedied the alleged barriers pled in Chapman's complaint, and Chapman may only seek an injunction under the ADA, Chapman's ADA claims were moot, and the Court should decline exercising supplemental jurisdiction over Chapman's state claims. Id. 3:25-5:8. Sycamore cited the Ninth Circuit decision in Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 969 (9th Cir. 2006), as support for its argument that only Chapman's complaint contains the claims at issue in the summary judgment motions. The January 7 Order declined "to consider Chapman's barrier claims which [were] not included in [Plaintiff's] complaint," stating:

> Chapman has not sought leave to amend the provision in the scheduling order filed January 14, 2010, which states "[n]o further . . . amendments to [the] pleadings is permitted" absent a showing of "good cause". Rather than addressing the "good cause" standard, Chapman makes the conclusory argument that he can proceed on barriers that are not included in his complaint. . . . Here, all scheduling deadlines in the scheduling order have past except for the final pretrial conference scheduled for February 14, 2011, and trial which is scheduled to commence on May 17, 2011. Further, Chapman has not filed and prevailed on a motion to amend the scheduling order, so that he could seek leave to amend his complaint under Federal Rule of Civil Procedure 15(a). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the [modification].'"). Therefore, the Court declines to consider Chapman's barrier claims which are not included in his complaint. See generally Eagle v. American Tel. and Tel. Co., 769 F.2d 541, 548 (9th Cir.1985) ("agree[ing] with the district court that the pretrial Status Conference Order precluded [plaintiff] from raising a new theory of relief at the summary judgment stage").

Chapman's reconsideration motion ignores this portion of the January 7 Order, and Chapman fails to explain why he did not take action enabling him to avoid the predicament he created by the manner in which he chose to attempt amendment. His actions evince his disregarded for the "no further amendment" provision in the scheduling order, which required a showing under Rule 16 that 'good cause' justified any requested amendment. Because of this failure, Chapman was unable seek amendment under Rule 15. Here, rather than seeking amendment of the scheduling order, Chapman erroneously assumed he could disregard the scheduling order and effect his sought after amendment merely by including his un-plead architectural barrier allegations in his summary judgment motion. However,

> [a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.  The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [Chapman's] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (citations and internal quotation marks omitted).

Therefore, Chapman has not shown error in that portion of the ruling which precluded him "from raising a new theory of relief at the summary judgment stage" in the situation here where a scheduling order governed amendment, Chapman failed to seek amendment of that order, and a party objected to litigating un-plead architectural barriers. Eagle v. American Tel. and Tel. Co., 769 F.2d 541, 548 (9th Cir. 1985) ("We agree with the district court that the pretrial Status Conference Order precluded Eagle from raising a new theory of relief at the summary judgment stage."); Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d

963, 969 (9th Cir. 2006)(indicating that Plaintiff should have timely sought amendment to make "new allegations . . . part of the . . . complaint . . . by filing a timely motion to amend the complaint[,]" and stating that Plaintiff "did not incorporate the 'preliminary site report' into her complaint."); Navajo Nation v. U.S. Forest Serv., 535 F.3d 1058, 1080 (9th Cir. 2008) (rejecting Plaintiffs argument that even though an un-pled allegation was not included in their complaint, it "was adequately presented to the district court because the claim was briefed at summary judgment by all parties and presented at oral argument to the district court"); Wasco Products, Inc. v. Southwall Technologies, Inc., 435 F.3d 989, 992 (9th Cir. 2006) (stating Plaintiff may not rely on allegations "which appear for the first time in its response to the summary judgment motion[;]" and, "[s]imply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings."). Hence, Chapman has not shown reconsideration is required on this ground.

## B. EXPERT'S REPORT

Chapman also argues "the Court erred in relying on Blackseth's opinion when ruling on the parties motions for summary judgment" since "[n]o factual details were provided by Blackseth either in his report or in the supporting affidavit shedding light as to the facts which supported [his] opinions." (Mot. 7:16-20.) Starbucks counters that "this court has already analyzed this argument and ruled against Plaintiff[.]" (Starbucks' Opp'n 3:1-2.) Chapman's objections to Blackseth's reports were overruled in the January 7 Order. (Order Jan. 7, 2011, 9:13.) Chapman has not shown this decision was clearly erroneous, and he disregards the principle that a motion for reconsideration "may not be used to relitigate old matters[.]" Exxon Shipping Co. v. Baker, 554 U.S.

471, 485 n.5 (2008). Therefore, this portion of Chapman's reconsideration motion is denied.

### C. CHAPMAN'S PLEADINGS

Chapman also argues "the Court entirely overlooked sections of plaintiff's pleadings that discussed the barriers specifically identified in the Courts order including: (1) door handles; (2) accessible seating; (3) the toilet tissue dispenser; (4) the toilet; and (5) the pipes beneath the lavatory." (Mot. 8:3-6.) Chapman states in his reconsideration motion that he "refers to and incorporates those specific arguments herein by reference, rather than pinpoint the exact location of the numerous arguments." Id. 8:8-11.

It is unclear to what Chapman references by the word "pleadings." Pleadings are "[t]he formal allegations by the parties to a lawsuit of their respective claims and defenses, with the intended purpose being to provide notice of what is to be expected at trial." BLACK'S LAW DICTIONARY 1152 (6th ed. 1990). However, "[t]o defeat a summary judgment motion, . . . the non-moving party may not rest upon the mere allegations or denials in the pleadings[;] . . . bare allegations without evidentiary support are insufficient to survive summary judgment." Estate of Tucker ex rel. Tucker v. Interscope Records, Inc., 515 F.3d 1019, 1033, n.14 (9th Cir. 2008) (citation and internal quotation marks omitted). Further, as stated in the January 7 Order, "mere argument does not establish a genuine issue of material fact to defeat summary judgment." MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 518 (9th Cir. 1993). The parties were also required to comply with Local Rule 260, which requires the parties to "enumerate discretely" the material facts in support of the motion or opposition and to "cite the particular portions of any pleading, affidavit,

deposition, interrogatory answer, admission, or other document relied upon" to establish that fact or the denial of that fact. E.D. Cal. R. 260(a)-(b). Clearly, "a district court has no independent duty to scour the record in search of a genuine issue of triable fact, and may rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment[.]" Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) (internal quotation marks omitted). Chapman fails to specify what was overlooked. Therefore, this portion of Chapman's motion is also denied.

## II. CONCLUSION

For the reasons stated, Chapman's motion for reconsideration is DENIED.

Dated:  March 2, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge